# CIVIL ACTION NO.:  1:16-cv-00538

# EXHIBIT 1

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

FEDERICA MENNELLA, ET AL.

vs

DAHLQUIST STUDIOS, INC. &
JEFFREY DAHLQUIST

Case Number: **2016 CA 001510 B**

Date: MARCH 1, 2016

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* MATTHEW E. FEINBERG, ESQ. | Relationship to Lawsuit |
|---|---|
| Firm Name: THE FINKELSTEIN GROUP, P.C. | ☒ Attorney for Plaintiff |
| Telephone No.:  Six digit Unified Bar No.: 301-951-8400       991638 | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☐ Non-Jury        ☒ 6 Person Jury        ☐ 12 Person Jury

Demand: $ $75,000+            Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: NONE            Judge:            Calendar #:

Case No.:            Judge:            Calendar#:

## NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS                    COLLECTION CASES

☒ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
        Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
        Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
        Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
        Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
        Under $25,000 Consent Denied

### B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

### C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
        Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
        Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability

- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

MARCH 1, 2016
_____
Date



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

FEDERICA MENNELLA, ET AL.

_____
Plaintiff

vs.                                                          Case Number    **2016 CA 001510 B**

JEFFREY DAHLQUIST
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MATTHEW E. FEINBERG, ESQ.
_____
Name of Plaintiff's Attorney

4600 N. PARK AVE., SUITE 101
_____
Address
CHEVY CHASE, MD 20816

301-951-8400
_____
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    ያስተርጉምልዎ ከፈለጉ በ (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
Deputy Clerk

Date   **03/02/2016**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

              contra

                                    Número de Caso:
_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          SECRETARIO DEL TRIBUNAL
Nombre del abogado del Demandante

_____          Por: _____
Dirección
                                                          Subsecretario
_____

_____
Teléfono                                    Fecha _____
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오          ያማ`ርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

Filed
D.C. Superior Court
03/02/2016 13:02PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FEDERICA MENNELLA
1461 Florida Avenue, N.W.
Washington, D.C. 20009

    and

DR. LUCA GATTINONI, M.D.
1461 Florida Avenue, N.W.
Washington, D.C. 20009

      Plaintiffs

    v.

DAHLQUIST STUDIOS, INC.
5916 16TH STREET N.
ARLINGTON, VIRGINIA 22205

SERVE:    Jeffrey Dahlquist
        Registered Agent
        5916 16th Street N.
        Arlington, VA 22205

    and

JEFFREY DAHLQUIST
5916 16th Street N.
Arlington, Virginia 22205

SERVE:    Jeffrey Dahlquist
        5916 16th Street N.
        Arlington, VA 22205

      Defendants

Case No.  2016 CA 001510 B

## COMPLAINT

Plaintiffs, **FEDERICA MENNELLA** and DR. LUCA GATTINONI, M.D. (collectively, "Plaintiffs"), in the above-entitled action, by and through their undersigned counsel, pursuant to Superior

1

Court Civil Procedure Rule 3, hereby demand judgment against Defendants, **DAHLQUIST STUDIOS, INC.** and **JEFFREY DAHLQUIST**, in the amounts set forth below, and as their Complaint seeking money damages, state as follows:

### Nature of Action

1.    This is a civil action for breach of contract and unlawful trade practices which Plaintiffs institute against Defendants for performing custom home improvement construction work at their residence in the District of Columbia without a District of Columbia home improvement license and for failing to perform such construction in a workmanlike manner.

### Parties

2.    Plaintiff, **FEDERICA MENNELLA** ("Ms. Mennella"), is an adult resident of the District of Columbia, eighteen (18) years of age or older at the time of this filing, and has a current address at 1461 Florida Avenue, Northwest, Washington, District of Columbia 20009.

3.    Plaintiff, **DR. LUCA GATTINONI, M.D.** ("Dr. Gattinoni"), is an adult resident of the District of Columbia, eighteen (18) years of age or older at the time of this filing, and has a current address at 1461 Florida Avenue, Northwest, Washington, District of Columbia 20009.

4.    On information and belief, Defendant, **DAHLQUIST STUDIOS, INC.** ("Dahlquist Studios"), is a Virginia corporation,

2

organized and operated under the laws of the Commonwealth of Virginia, and has a principal place of business at 5916 16th Street North, Arlington, Virginia 22205. On information and belief, Dahlquist Studios regularly transacts business in the District of Columbia and did so under the circumstances giving rise to this action.

5. On information and belief, Defendant, **JEFFREY DAHLQUIST** ("Mr. Dahlquist"), is an adult resident of Virginia, eighteen (18) years of age or older at the time of this filing, and has a current address at 5916 16th Street North, Arlington, Virginia 22205. On information and belief, Mr. Dahlquist regularly transacts business in the District of Columbia and did so under the circumstances giving rise to this action.

### Jurisdiction & Venue

6. Subject matter jurisdiction is vested in this Court pursuant to D.C. CODE § 11-921 (1970).

7. This Court has personal jurisdiction over Defendants pursuant to D.C. CODE §§ 13-423(1), (2), (3), and/or (4) (1983).

8. Venue is proper in this Court because the acts and omissions giving rise to this action occurred in the District of Columbia.

### Facts Common to All Counts

9. In or around June 2015, Plaintiffs commissioned a custom built-in bookcase to be constructed at their residence at

3

1461 Florida Avenue, Northwest, Washington, D.C. 20009 ("the Project").

10. For the Project, Plaintiffs approved a set of architectural drawings prepared for them by an architectural firm, Inscape Studios.

11. On or about June 12, 2015, Mr. Dahlquist and Dahlquist Studios (collectively, "Defendants" or "Dahlquist") provided Plaintiffs with an estimate/invoice to complete the Project at a price of $12,400.00. Dahlquist also provided an estimate for additional work at a price of $2,700.00. *See Exhibit A* — Invoice from Dahlquist Studios.

12. Plaintiffs, on the recommendation of their architect, hired Dahlquist to perform the Project. They declined the additional work.

13. On or about June 24, 2015, Plaintiffs paid Dahlquist Studios $6,200.00 as a 50% deposit for the Project. *See Exhibit B* — Deposit Check (redacted for personal information). On information and belief, Mr. Dahlquist deposited the check directly into his own personal bank account.

14. Dahlquist began work in late June or early July 2015. Work on the Project continued through August 2015.

15. As Dahlquist worked on the Project, it became clear that the quality of the workmanship was unacceptable and below appropriate standards in the industry.

4

16.   Certain doors on the bookcase did not close properly; there were numerous nicks and scratches; the paint job was shoddy; seams were splitting; and there were inconsistencies in paint and lacquer.

17.   In addition, the work performed did not conform to the architectural drawings for the Project.

18.   Plaintiffs had other contractors inspect Dahlquist's work. Those contractors indicated that the flaws in Dahlquist's work were numerous and that the bookcase could not be repaired in such a way as to correct some of the major workmanship flaws.

19.   Furthermore, the work actually implemented at Plaintiffs' residence (in deviation from the work called for in the architectural drawings) presents a dangerous condition and climbing hazard for children. Plaintiffs are brand new parents, therefore the threat of danger to their newborn child is imminent, and the design is unacceptable to them.

20.   Plaintiffs also informed the Department of Consumer and Regulatory Affairs ("the DCRA") about the poor workmanship. In communicating with the DCRA about Dahlquist's faulty workmanship, Plaintiffs learned that Dahlquist is not a licensed home improvement contractor in the District of Columbia and had worked on the Project in violation of District of Columbia civil and criminal law.

5

21.   Plaintiffs were and are no longer willing to allow Dahlquist to complete the Project, given: his lack of a District of Columbia home improvement license; the poor workmanship he exhibited on the Project; and his deviation from the architectural plans, among other reasons.

22.   To date, Plaintiffs have paid $6,200.00 to Dahlquist for a bookcase that does not conform to architectural plans and exhibits poor workmanship. Dahlquist has demanded that Plaintiffs pay the remainder of the $12,400.00 original invoice.

23.   Plaintiffs will be forced to incur additional expenses to repair the faulty workmanship Dahlquist performed on the Project and to modify or redo the non-compliant work to conform to the architectural plans.

## Causes of Action

### COUNT I — UNLAWFUL TRADE PRACTICES (D.C. CODE § 28-3904 (2013)) (Against Defendants, Dahlquist Studios, Inc. and Jeffrey Dahlquist)

24.   Plaintiffs incorporate by reference Paragraphs 1 through 23 of this Complaint as if fully restated and set forth herein.

25.   Plaintiffs are "consumers" under the District of Columbia's Consumer Protection Procedures Act, D.C. CODE § 28-3901(a)(2) (2013), in that they are persons who do or would purchase, lease, or receive consumer goods or services.

26.  Defendants are "persons" under the District of Columbia's Consumer Protection Procedures Act, D.C. CODE § 28-3901(a)(1) (2013), in that they are an individual and a corporation, respectively, which offer a part of the economic output of society, specifically, the consumer service of home improvement and construction services.

27.  Defendants did offer such home improvement and construction services to Plaintiffs, and Plaintiffs hired Defendants to complete a custom built-in bookcase at their residence.

28.  Under Title 16, Chapter 899 of the District of Columbia Municipal Regulations in effect at the time the Project was performed, the Project was considered "home improvement work" because it represented the "alteration, conversion, improvement, modernization, remodeling, repair, or replacement of a residential property" and was "made a part of the realty," i.e. built-in to the structure.

29.  Under Title 16, Chapter 899 of the District of Columbia Municipal Regulations in effect at the time the Project was performed, the agreement between Plaintiffs and Defendants relative to the Project was a "home improvement contract" because it was an "agreement for the performance of home improvement work in the District [of Columbia] for a contract price of three hundred dollars ($300) or more."

7

30.   Under Title 16, Chapter 899 of the District of Columbia Municipal Regulations in effect at the time the Project was performed, Defendants were also "home improvement contractors" because they were a person and corporation that entered or offered to enter into a home improvement contract.

31.   On information and belief, Defendants are not licensed home improvement contractors in the District of Columbia.

32.   At all times relevant hereto, Defendants withheld from Plaintiffs and purposefully omitted from Plaintiffs the fact that they are not licensed home improvement contractors in the District of Columbia.

33.   With regard to Plaintiffs and the Project, Defendants violated Title 16, Chapter 800.1 of the District of Columbia Municipal Regulations in effect at the time the Project was performed by requiring and/or accepting payment for a home improvement contract to be undertaken in the District of Columbia in advance of the full completion of all work required to be performed under the contract and while Defendants were not licensed as home improvement contractors in the District of Columbia.

34.   With regard to Plaintiffs and the Project, Defendants violated Title 16, Chapter 808 of the District of Columbia Municipal Regulations in effect at the time the Project was performed by, *inter alia*:

8

(a) Failing to incorporate the understanding between Plaintiffs and Defendants with respect to the Project into a written contract filled in and signed in at least triplicate;

(b) Failing to create a written contract for signature by Plaintiffs;

(c) Failing to create a written contract which provided Defendants' license number thereon;

(d) Accepting payment for home improvement work in the absence of a written contract which complied with the District of Columbia Municipal Regulations; and

(e) Otherwise violating the provisions of Title 16, Chapter 808 of the District of Columbia Municipal Regulations in effect at the time the Project was performed.

35. By their conduct on the Project, Defendants also violated several other provisions of Title 16 of the District of Columbia Municipal Regulations.

36. Under the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3904(f), and (dd), it is an unlawful trade practice, "whether or not any consumer is in fact misled, deceived or damages thereby, for any person to," *inter alia*:

(a)   Fail to state a material fact if such failure tends to mislead; and/or

(b)   Violate any provision of title 16 of the District of Columbia Municipal Regulations.

37.   By failing to disclose to Plaintiffs that they are not licensed home improvement contractors in the District of Columbia, and by virtue of their numerous violations of Title 16 of the District of Columbia Municipal Regulations, Defendants are liable to Plaintiffs for committing unlawful trade practices.

38.   As a direct and proximate result of Defendants' commission of unlawful trade practices, Plaintiffs suffered loss of the payment made to Defendants, plus costs associated with correcting the poor workmanship Defendants performed on the Project, plus attorneys' fees, costs, and other damages.

39.   Under District of Columbia law, Plaintiffs are entitled to recover treble damages, plus reasonable attorneys' fees and costs, and punitive damages for Defendants' commission of unlawful trade practices.

40.   On information and belief, at the time Defendants committed their unlawful trade practices with respect to Plaintiffs and the Project, Defendants knew that they were not licensed home improvement contractors in the District of Columbia. Defendants' commission of unlawful trade practices

10

was, therefore, knowing and intentional, so as to justify an award of exemplary and/or punitive damages.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Dahlquist Studios, Inc. and Jeffrey Dahlquist, jointly and severally, in the amount of not less than $75,000.00, plus pre- and post-judgment interest, attorneys' fees, costs, and an additional amount as punitive damages as Count I of Plaintiffs' Complaint.

COUNT II - BREACH OF CONTRACT
(Against Defendants, Dahlquist Studios, Inc. and Jeffrey Dahlquist)

41. Plaintiffs incorporate by reference Paragraphs 1 through 40 of this Complaint as if fully restated and set forth herein.

42. In June 2015, Plaintiffs and Defendant, Dahlquist Studios, entered into an agreement whereby Plaintiffs would compensate Dahlquist Studios $12,400.00 in exchange for Defendants constructing a custom built-in bookcase at Plaintiffs' home in conformance with architectural plans by Inscape Studios ("the Contract").

43. On June 24, 2015, Plaintiffs provided Dahlquist Studios with a check for $6,200.00 as a deposit for the Project. On information and belief, Mr. Dahlquist deposited the check directly into a personal bank account, evidencing that Dahlquist Studios and Mr. Dahlquist are one and the same.

11

44.   Implied in the Contract was Defendants' agreement to complete the Project in a workmanlike manner.

45.   Defendants breached the Contract they had with Plaintiffs by failing to complete the Project in a workmanlike manner, leaving numerous flaws in the built-in bookcase which must be repaired, and by failing to perform the Project in conformance with the architectural plans.

46.   As a direct and proximate result of Defendants' breach of the Contract they had with Plaintiffs, Plaintiffs suffered damages, including the amounts Plaintiffs paid to Defendants to date and the costs associated with repairing the poor workmanship by Defendants.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Dahlquist Studios, Inc. and Jeffrey Dahlquist, jointly and severally, in the amount of not less than $25,000.00, plus pre- and post-judgment interest, attorneys' fees, costs, as Count II of Plaintiffs' Complaint.

JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all matters asserted herein.


Respectfully submitted,


Matthew E. Feinberg, Esq. (#991638)
Matt@fglawfirm.com
Nathan I. Finkelstein, Esq. (#173682)
Nat@fglawfirm.com
THE FINKELSTEIN GROUP, P.C.
4600 N. Park Ave., Suite 101
Chevy Chase, Maryland 20815
Ph: (301) 951-8400
Fx: (301) 951-8401

Attorneys for Plaintiffs, Federica
Mennella and Dr. Luca Gattinoni, M.D.

13

EXHIBIT A

Dahlquist Studios, Inc.

5916 16th St. North
Arlington VA 22205

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/12/2015 | 3589 |

| Bill To |
|---------|
| Gattinoni / Mennella Residence |

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | | |

| Item | Description | Prior Amt | Prior % | Qty | Rate | Curr % | Total % | Prior Qty | Amount |
|------|-------------|-----------|---------|-----|------|--------|---------|-----------|--------|
| Built in | Built in Bookcases with open shelving as per Inscapestudios drawings. Lower cabinets with doors prefinished maple interiors with White lacquered exterior. Upper shelving  White lacquered. Price included deliver and  installation. | | | 0.5 | 12,400.00 | 50.00% | 50.00% | 0 | 6,200.00 |
| Built in | Built in window seat as per Inscapestudios drawings. Leave existing seat and add to seat to raise it to 18" tall. Price included deliver and installation. | | | 0.5 | 1,800.00 | 50.00% | 50.00% | 0 | 900.00 |
| Built in | Three boxes with doors for fire place wall as per inscapestudios drawings. Price includes deliver.       ( Installation by others). | | | 0.5 | 900.00 | 50.00% | 50.00% | 0 | 450.00 |

| | | |
|---|---|---|
| **Subtotal** | | $7,550.00 |
| **Sales Tax** | | $0.00 |
| **Total** | | $7,550.00 |
| **Payments/Credits** | | $0.00 |
| **Balance Due** | | $7,550.00 |

EXHIBIT B

9/23/2015

