UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERICA MENNELLA, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 16-538 (GK) |
| : | |
| DAHLQUIST STUDIOS, INC., : | |
| *et al.*, : | |
| : | |
| Defendants. : | |

### MEMORANDUM OPINION

On March 28, 2016, Defendants Dahlquist Studios, Inc. and Jeffrey Dahlquist ("Dahlquist" or "Defendants") filed a Motion to Dismiss or, in the Alternative, for Summary Judgment against Plaintiffs Federica Mennella and Dr. Luca Gattinoni, M.D., her husband ("Plaintiffs") [Docket No. 5]. Defendants request that the Complaint be dismissed pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. On April 12, 2016, Plaintiffs filed an Opposition [Dkt. No. 6], and on April 19, 2016, Defendants filed their Reply [Dkt. No. 7].

Plaintiffs are suing Defendants for $100,000 because of dissatisfaction with a custom-made bookcase which was priced at $12,400. The Court concludes that the Motion should be **denied** for the following reasons.

### I. FACTUAL BACKGROUND

In November, 2014, Plaintiffs commissioned Inscape Studios, Inc. ("Inscape") to design a custom built bookcase to be constructed and then installed at their residence located in the District of Columbia.

Defendants quoted an amount of $12,400 which Plaintiffs accepted and, as agreed, paid Dahlquist Studios $6,200 so that it could purchase the necessary materials to manufacture the bookcase at its shop in Virginia.

Plaintiffs became dissatisfied with the bookcase before and after it was installed and, thereafter, contacted another contractor to review Defendants' work. The second contractor inspected the project and indicated that some of the flaws could not be repaired.

However, according to the Managing Principal of Inscape, Gregory Kearley, Dahlquist Studios manufactured the bookcase in conformity with (a) Inscape's design; (b) its approved shop drawings, and (c) industry standards for architectural millwork. Plaintiffs have refused to pay the remaining $6,200 they owed.

## II.    STANDARD OF REVIEW

A Motion to Dismiss, under Fed. R. Civ. P. 12(b)(6), "tests the legal sufficiency of a complaint." Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The Supreme Court has ruled that the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In ruling on a Motion to Dismiss, the Court "may consider only the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the court may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). In addition, "[t]he court must construe the complaint liberally in the plaintiff's favor and credit plaintiff the benefit of all reasonable inferences deriving from the complaint." Kruger v. Cogent Commc'ns. Inc., 2016 WL 125783, *3 (D.D.C., March 30, 2016) (citing Kowal v. MCI Commc'ns. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1984).

## III. ANALYSIS

### A. Motion to Dismiss and/or Motion for Summary Judgment

Plaintiffs argue that the document filed by Defendants is not a Motion to Dismiss, but a Motion for Summary Judgment. In particular, Plaintiffs point out that with regard to a Motion to Dismiss, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624-25 (D.C. Cir. 1997). However, Plaintiffs point out that Defendants did not restrict their claims to the allegations contained within the four corners of the Complaint, and instead relied on nine exhibits, seven of which were either not attached to the Complaint or incorporated in it. Those exhibits were referred to often in Plaintiffs' "Factual Background." Thus, it is clear that Defendants did not comply with the ruling in St. Francis Xavier.

However, even if the Court treats the Motion as a Motion for Summary Judgment, Defendants still do not prevail because Local Rule 7(h)(1) requires that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there are no genuine issues, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h)(1) (2016). Defendants did not comply with any of these requirements. There are numerous factual issues either in dispute or not clear from the Complaint. For example, it is not at all clear <u>why</u> Plaintiffs became dissatisfied and what they were dissatisfied about. It is also not clear whether their complaints had any merit given the affidavit of Mr. Kearley, which certainly contradicts the opinion of the second contractor company.

This is simply not a case that fits within the Motion for Summary Judgment rubric and, therefore, even if Defendants were filing their papers as a Motion for Summary Judgment, the Motion could not be granted. "When a Rule 12(b)(6) motion is treated as a motion for summary judgment prior to the parties being 'provided with notice or an opportunity for discovery,' the parties must have had a reasonable opportunity to contest the matters outside of the pleadings such that they are not taken by surprise." Kruger, 2016 WL 1257834 at *3.

However, Defendants are not filing a Motion for Summary Judgment, but a Motion to Dismiss which, as already noted, only requires that the Plaintiffs have filed a Complaint which, on its face, contains "a short and plain statement of the claim showing that the pleader is entitled to relief," Bell Atl. Corp., 550 U.S. at 555, and which may be construed liberally in the Plaintiffs favor. Kruger v. Cogent Commc'ns. Inc., 2016 WL 125783, *3 (D.D.C., March 30, 2016), citing Kowal v. MCI Commc'ns. Corp., 16 F.3d 1271, 1276 (D.C. .Cir. 1984). This Complaint clearly satisfies that standard.

## CONCLUSION

The Parties have raised a number of straightforward legal issues in their papers which may or may not be correct. However, those legal issues cannot be resolved by a Motion to Dismiss nor a Motion for Summary Judgment, as Defendants have attempted to do. Rather, counsel should be raising them after discovery in pretrial motions when the case, as a whole, has been fleshed out.

For all these reasons, the Court concludes that Defendants' Motion should be **denied**.

December 28, 2016

                                              */s/ Gladys Kessler*
                                              Gladys Kessler
                                              United States District Judge